IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MY HEALTH, INC., | ) |
| Plaintiff, | ) CIVIL ACTION NO. 2:14-CV-00654-JRG |
| v. | ) |
| CARDIOMEDIX, INC., | ) |
| Defendant. | ) |

### CARDIOMEDIX, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Cardiomedix, Inc. ("Cardiomedix"), for its Answer and Affirmative Defenses to Plaintiff My Health, Inc.s ("Plaintiff") Complaint for Patent Infringement (hereafter "Complaint"), states as follows:

### THE PARTIES

1. My Health is a Delaware corporation having its registered agent and principal place of business in this district.

**ANSWER**

Cardiomedix is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1, and on that basis, denies them.

2. All right, title, and interest in and to the Patent, including the right to sue for all past and present infringement damages, was assigned by the University of Rochester to My Health.

**ANSWER**

Cardiomedix is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2, and on that basis, denies them.

1

3.      Michael E. Eiffert M.D. ("Dr. Eiffert"), the CEO of My Health and an inventor of United States Patent No. 6,612,985 entitled "Method and system for monitoring and treating a patient" (the "985 Patent"), resides in Plano, Texas, which is located in this judicial District.

**ANSWER**

Cardiomedix is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3, and on that basis, denies them.

4.      Upon information and belief, Cardiomedix, is a corporation organized under the laws of the state of Illinois, with its principal place of business located at 1840 Oak Avenue, Evanston, Illinois 60201.

**ANSWER**

Admitted.

5.      Upon information and belief, Cardiomedix has sold, currently sells, and offers for sale the Accused Product and other infringing products in retail stores and other outlets within this jurisdiction.

**ANSWER**

Cardiomedix denies the allegations in paragraph 5.

## SUMMARY OF THE CASE

6.      While affiliated with the University of Rochester, Dr. Eiffert and Lisa C. Schwartz invented a unique technology that assists healthcare providers in monitoring and treating patients. Consequently, on September 2, 2003, the University of Rochester was awarded the '985 Patent.

**ANSWER**

Cardiomedix is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6, and on that basis, denies them.

7.      My Health is an early stage company, fostering medical technologies through the proof of concept stage for larger, more established entities.

**ANSWER**

Cardiomedix is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7, and on that basis, denies them.

8. My Health focuses on serving as a pipeline for new technologies, assisting scientists and engineers in bringing their ideas to fruition and, ultimately, to companies with the expertise to market on a global scale.

**ANSWER**

Cardiomedix is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8, and on that basis, denies them.

9. Cardiomedix has not been granted a license or any other rights to the '985 Patent.

**ANSWER**

Admitted.

10. It is believed that Cardiomedix has generated significant sales of products incorporating Plaintiff's technology, easily exposing Cardiomedix to significant liability for its infringement of the '985 Patent.

**ANSWER**

Cardiomedix denies the allegations in paragraph 10.

**JURISDICTION AND VENUE**

11. This is a claim for patent infringement that arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.,* including 35 U.S.C. § 271.

**ANSWER**

Cardiomedix admits that the Complaint purports to set forth an action arising under 35 U.S.C. § 1, *et seq*., and seeks relief under 35 U.S.C. § 281, *et seq.* Cardiomedix denies that Plaintiff has stated any valid claim in this action.

12. This Court has exclusive subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338, and applicable principles of supplemental jurisdiction.

**ANSWER**

Cardiomedix admits this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338. Cardiomedix denies Plaintiff has stated any valid claim in this action.

13. Cardiomedix is subject to personal jurisdiction in the state of Texas (this "State") and this judicial district consistent with the principles of due process because it is incorporated within and holds its principal place of business in this judicial district.

**ANSWER**

Cardiomedix admits that is subject to personal jurisdiction in the state of Texas.

Cardiomedix denies the remaining allegations in paragraph 13.

14. Upon information and belief, Cardiomedix transacted business, contracted to supply goods or services, and caused injury to Plaintiff within Texas and this judicial district, and has otherwise purposefully availed itself of the privileges and benefits of the laws of Texas and is therefore subject to the jurisdiction of this Court.

**ANSWER**

Cardiomedix admits that is subject to personal jurisdiction in the state of Texas.

Cardiomedix denies the remaining allegations in paragraph 14.

15. Upon information and belief, Defendant Cardiomedix places products for sale online and in retail stores to be used, shipped, and sold in this judicial district.

**ANSWER**

Admitted.

16. Upon information and belief, Cardiomedix also placed the Accused Products in the stream of commerce with the expectation that they would be bought and sold in its retail stores within this judicial district.

**ANSWER**

Cardiomedix denies the allegations in paragraph 16.

17. Cardiomedix has offered and continues to offer their products for sale in this State, has transacted business and continue[s] to transact business in this State, has committed and/or induced acts of patent infringement in this State, and/or has placed infringing products into the stream of commerce through established distribution channels with the expectation that such products will be purchased by residents of this State.

**ANSWER**

Cardiomedix admits that it has offered and continues to offer products for sale in the

State of Texas, and has transacted business and continues to transact business in this State.

Cardiomedix denies the remaining allegations in paragraph 17.

18. Such Accused Products have been offered for sale and sold in this State and in this judicial district through various retail stores and other outlets.

**ANSWER**

Cardiomedix denies the allegations in paragraph 18.

19. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400 because Cardiomedix has done business, has infringed, and continues to infringe the '985 Patent within this District as stated more fully above, and this action arises from transactions of that business and that infringement.

**ANSWER**

Cardiomedix denies the allegations in paragraph 19.

**FIRST CLAIM FOR RELIEF INFRINGEMENT OF U.S. PATENT NO. 6,612,985**

20. The '985 Patent, a copy of which is attached hereto as Exhibit A, is entitled "Method and System for Monitoring and Treating a Patient" and was duly and legally issued by the United States Patent and Trademark Office. My Health is the owner of all right, title and interest in and to the '985 Patent, including standing to sue and recover all past, present, and future damages for infringement of the '985 Patent.

**ANSWER**

Cardiomedix admits that the '985 patent is entitled "Method and System for Monitoring and Treating a Patient," and that the United States Patent & Trademark Office issued the '985 patent. Cardiomedix denies that the United States Patent & Trademark Office duly issued the '985 patent. Cardiomedix is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 20, and on that basis, denies them.

21. My Health has complied with the provisions of 35 U.S.C. § 287.

**ANSWER**

Cardiomedix is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 21, and on that basis, denies them.

22. Upon information and belief, Defendant, either alone or in conjunction with others, has infringed and continues to infringe, contribute to infringement, and/or induce infringement of the '985 Patent by making, using, selling, and/or offering to sell, and/or causing others to use, methods and systems, including, but not limited to the Telehealth/Cardiac Event Remote Monitoring Services (the "Accused Product"), which infringes one or more claims of the of the '985 Patent, including, but not limited to claims 1, 4, and 7 of the '985 Patent.

**ANSWER**

My Health's infringement allegations are objectively baseless, and Cardiomedix denies

the allegations in paragraph 22.

23. Cardiomedix is liable for infringement of one or more claims of the '985 Patent, including, but not limited to claims 1, 4, and 7, pursuant to 35 U.S.C. § 271 as set forth therein and incorporated by this reference, by making, using, selling, offering for sale, and/or importing the Accused Product.

**ANSWER**

My Health's infringement allegations are objectively baseless, and Cardiomedix denies

the allegations in paragraph 23.

24. Cardiomedix is liable for indirect infringement of the '985 Patent by inducing and/or contributing to direct infringements of the '985 Patent committed by end users of the Accused Product.

**ANSWER**

My Health's infringement allegations are objectively baseless, and Cardiomedix denies

the allegations in paragraph 24.

25. From a time prior to Cardiomedix receiving this Complaint by which it was given actual notice of the '985 Patent, Cardiomedix induced infringement because it knew, or should have known, that its acts would cause patent infringement, and it acted with intent to encourage direct infringement by its users.

**ANSWER**

My Health's infringement allegations are objectively baseless, and Cardiomedix denies

the allegations in paragraph 25.

26. At least from the time Cardiomedix received this Complaint, Cardiomedix contributed to direct infringement by its end users by knowing that its Accused Product and methods would be implemented by its end users; that its methods, components, system and Accused Product were especially made or especially adapted for a combination covered by one

6

or more claims of the '985 Patent; that there are no substantial non-infringing uses; and the Accused Product is a material part of the infringement.

**ANSWER**

My Health's infringement allegations are objectively baseless, and Cardiomedix denies the allegations in paragraph 26.

27. Cardiomedix has knowledge of the '985 Patent and is infringing despite such knowledge. The infringement has been and continues to be willful and deliberate.

**ANSWER**

My Health's infringement allegations are objectively baseless, and Cardiomedix denies the allegations in paragraph 27.

28. Cardiomedix's acts of infringement have caused damage to Plaintiff, and Plaintiff is entitled to recover from Cardiomedix the damages sustained as a result of Cardiomedix's wrongful acts in an amount subject to proof at trial, but in no event less than a reasonable royalty.

**ANSWER**

My Health's infringement allegations are objectively baseless, and Cardiomedix denies the allegations in paragraph 28.

29. Cardiomedix's infringing activities have injured and will continue to injure Plaintiff unless and until this Court enters an injunction prohibiting further infringement of the '985 Patent.

**ANSWER**

My Health's infringement allegations are objectively baseless, and Cardiomedix denies the allegations in paragraph 29.

## **CARDIOMEDIX'S AFFIRMATIVE DEFENSES**

Cardiomedix asserts the following Affirmative Defenses against Plaintiff. Assertion of an "Affirmative" defense does not concede that Cardiomedix has a burden of proving the matter asserted. Cardiomedix expressly reserves the right to assert any other legal or equitable defenses to which it is shown to be entitled, including all affirmative defenses under Rule 8(c) of the

Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses that may now exist or in the future be available based on discovery or further factual investigation in this case.

### First Affirmative Defense

1. Plaintiff has failed to state a claim upon which relief can be granted.

### Second Affirmative Defense

2. My Health's infringement allegations are objectively baseless. Cardiomedix has not infringed, either directly or indirectly, any valid claim of U.S. Patent No. 6,612,985 ("the Asserted Patent"), and Cardiomedix is not liable for any acts of infringement of the Asserted Patents.

### Third Affirmative Defense

3. The claims of the Asserted Patent are invalid for failure to satisfy one or more of the conditions of patentability specified in Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103 and 112 and/or for being otherwise in violation of one or more of the sections of Parts I, II and III of Title 35 of the United States Code.

### Fourth Affirmative Defense

4. Plaintiff is not entitled to injunctive relief because no alleged injury to it is immediate and irreparable; Plaintiff would have an adequate remedy at law; the balance of hardships favors no injunction; and the public interest is best served by no injunction.

### Fifth Affirmative Defense

5. Prosecution history estoppel precludes Plaintiff's reliance on the doctrine of equivalents.

WHEREFORE, Cardiomedix respectfully prays that judgment be entered in its favor and against Plaintiff as follows:

A. Dismissal of Plaintiff's Complaint for Patent Infringement with prejudice and without any recovery to Plaintiff;

B. An award of reasonable attorney fees and costs to Cardiomedix, pursuant to at least 35 U.S.C. § 285; and

C. Such other further relief as the Court may deem proper and just.

Dated: August 25, 2014                    Respectfully submitted,

                                                         /s/ Jason S. Shull
V. Bryan Medlock (State Bar No. 13897000)
Jason S. Shull
BANNER & WITCOFF LTD.
10 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 463-5000
Facsimile: (312) 463-5001

*Attorneys for Defendant, Cardiomedix, Inc.*

**CERTIFICATE OF SERVICE**

      This is to confirm that a copy of the foregoing was electronically filed on August 25, 2014.  A true and accurate copy of the foregoing will be served electronically to designated CM/ECF participant counsel through the Court's electronic filing system.

                                                /s/ Jason S. Shull
                                                *Counsel for Defendant, Cardiomedix, Inc.*